LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.
MELANIE JOY STEPHENSON-LAWS, ESQ. (SBN 113755)
BARRY SULLIVAN, ESQ.     (SBN 136571)
RICHARD A. LOVICH, ESQ.  (SBN 113472)
KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237803)
BARBARA V. LAM, ESQ.     (SBN 231073)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:   (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff
SAN JOAQUIN GENERAL HOSPITAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California,<br><br>    Plaintiffs,<br><br>  v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for profit corporation; CIGNA HEALTH & LIFE INSURANCE COMPANY, a Connecticut for profit corporation; and DOES 1 - 25, INCLUSIVE,<br><br>    Defendants. | Case No.: 2:16-cv-01921-MCE-EFB<br><br>**- DISCOVERY MATTER -**<br><br>**STIPULATION AND ORDER RE: CONFIDENTIAL DOCUMENTS** |

////

////

1  WHEREAS, discovery in the above-entitled matter may involve the
2  production of documents containing trade secrets, confidential commercial,
3  personal, or financial information, or protected health information and may
4  otherwise require disclosure of such information;

5

6  WHEREAS, Plaintiff SAN JOAQUIN GENERAL HOSPITAL ("San
7  Joaquin" or "Plaintiff") and Defendants, CIGNA HEALTHCARE OF
8  CALIFORNIA, INC. and CIGNA HEALTH & LIFE INSURANCE COMPANY,
9  ("CIGNA" or "Defendant") acknowledge and agree that it is appropriate to provide
10 safeguards to prevent the public dissemination of such confidential information, to
11 establish procedures to limit the necessity for objections or subsequent motions
12 regarding discovery, and to facilitate disposition of any discovery disputes that
13 may arise; and

14

15 WHEREAS, the Parties have agreed to the entry of this Stipulated Protective
16 Order, as evidenced by the signatures of their respective counsel;

17

18 IT HEREBY IS STIPULATED and agreed, as follows:

19

20 1.    As used herein, "Confidential Information" shall mean any document
21 or information in any form, or any portion thereof, designated and supplied by one
22 Party or a third party ("Designating Party") to another Party or third party
23 ("Receiving Party") in this action, which contains confidential business, financial,
24 personal, health, proprietary, trade secret or commercial data of a sensitive nature
25 and which is designated as Confidential Information for purposes of this litigation
26 by the Party or third party producing it.  A designation by a Party or third party of
27 Confidential Information shall constitute a representation that counsel believes in
28 good faith that the information constitutes Confidential Information.  The Parties

shall make a good faith effort to designate information so as to provide the requisite level of disclosure possible within the parameters of the discovery requested but still preserve confidentiality as appropriate.

2.     All documents, information or materials designated as Confidential Information shall be treated as such for purposes of this Stipulated Protective Order, provided, however, that by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any document or other material as Confidential Information.  The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this action may contain information that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); or other similar statutory or regulatory privacy protections. The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 CFR 164.512(e).

3.     Any Confidential Information supplied in written or documentary form shall be labeled by the Designating Party as "Confidential".  With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Stipulated Protective Order by the Party seeking confidentiality and will be required to operate in a manner consistent therewith.  The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information Pursuant to Protective Order." Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" from being disclosed to any person except as provided in this Stipulated Protective Order. Each Designating Party shall provide the other Party with a list of the page(s) of

each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential" within thirty (30) days of receipt by counsel of the transcript unless otherwise agreed. Until the earlier of thirty (30) days or the Designating Party's having provided such a listing of pages, the other Party shall maintain the entire deposition transcript and exhibits as "Confidential." Any documents designated "Confidential" which are made part of the transcript of such documents on which examination is taken during depositions shall maintain their character as Confidential under the terms of this agreement without further the necessity of further designation as such.

4. All Confidential Information shall be maintained in confidence, and not disclosed, directly or indirectly, including the very fact of production of Confidential Information, to any person except as provided in this Paragraph:

(a) directors, officers and employees of the Party to whom it is necessary that the materials be shown for purposes of this legal action;

(b) counsel for the Party, whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm), and in-house counsel for the Party;

(c) persons employed by the Party's attorney to furnish expert and litigation support services;

(d) pursuant to the restrictions set forth in Paragraph 7 of this Stipulated Protective Order, deponents incident to their depositions;

(e) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court. Said access shall be for the sole limited purposes of settlement negotiations, trial or preparation for trial of this action.

5. Confidential information may be further designated "HIGHLY RESTRICTED CONFIDENTIAL INFORMATION: ATTORNEYS' AND EXPERTS' EYES ONLY" by marking each document containing such

information with the legend "Highly Restricted Confidential Information: Attorneys' and Experts' Eyes Only" (hereinafter referred to as "Highly Restricted Information") in the same manner and within the same time limitations as the marking of such information as "Confidential" set forth in paragraph 3. All documents or things designated as "Highly Restricted Confidential Information: Attorneys' and Experts' Eyes Only" are included within the meaning of "Confidential Information" as used in this Order and all provisions of this Order applying to Confidential Information shall apply to Restricted Information. Highly Restricted Information shall be given, shown, disclosed, made available, or communicated only to the persons identified in subparagraphs 4(b)-(f) above except that Highly Restricted Information may not be disclosed to any of the recipient's officers, directors, or employees.

(a)     To the extent that certain Highly Restricted Information, by their terms, may require written consent of third parties before disclosure, the parties agree that the producing party may seek and obtain and Order of Production from the presiding judge of the Action in order to protect themselves from liability.

(b)     If a recipient of any Highly Restricted Information wishes to file any documents designated as such in Court or to offer any of them into evidence or otherwise disclose them during the course of any legal proceeding herein for any such purpose, the parties must first meet and confer to allow the producing party to redact highly sensitive information as necessary.

(c)     If a recipient of any Highly Restricted Information wishes to have the presiding judge of the Action review or see Highly Restricted Information (for the purposes of challenging such redactions or otherwise) that are not redacted as set forth in the preceding paragraph, then the recipient must first obtain an order from the Court that the unredacted documents shall be sealed.

6.     Confidential Information held by a Party may be disclosed to persons as provided in Paragraph 4 and to persons who are employed or otherwise bound

by counsel to furnish expert services, to give expert testimony, or otherwise to aid in the preparation for trial of this action, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

7. Confidential Information designated by a Party as "Confidential" may be disclosed by any other Party to a deponent during the deponent's deposition provided that the deponent has been informed of this Stipulated Protective Order and executes a Declaration, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms. The attorneys for the respective Parties shall maintain a file of such Declarations. The file containing these Declarations shall not be available for review absent an agreement by the Parties or an order of the Court determining that there is good cause for the Declarations to be reviewed.

8. Information or documents produced in this matter prior to the execution of this Stipulated Protective Order (hereinafter "Previously Produced Information") that have not previously been designated confidential may be designated as Confidential Information as follows: not later than (10) days after the execution of this Stipulated Protective Order by both parties, the Designating Party shall notify in writing all recipients of the Previously Produced Information of the material's designation as Confidential Information. The Designating Party shall specifically identify, by reference to document title, page number and/or any alpha or numeric production designation (such as Bates number), the material being designated as Confidential Information. The Parties agree that all Previously Produced Information so identified shall be treated as Confidential Information in all respects, as though it had been designated and marked as such hereunder. Any

party may object to the designation of any such document(s) as Confidential Information using the procedure set forth in paragraph 9 below.

9. In the event a Party inadvertently fails to designate information or documents as Confidential Information when copies are produced to another Party after the execution of this Stipulated Protective Order, the Designating Party shall diligently notify in writing all recipients of the information or document of the material's designation as Confidential Information. The Designating Party shall specifically identify, by reference to document title, page number and/or any alpha or numeric production designation (such as Bates number), the material being designated as Confidential Information. The Designating Party shall have the right to recover all copies of the Confidential Information and apply the Confidential designation and the Receiving Party shall return to the Designating Party all copies of the unlabeled Confidential Information inadvertently or unintentionally disclosed. The inadvertent, unintentional or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

10. If any Party objects to the designation of materials being marked as Confidential Information, the Party shall state the objection by letter to all counsel of record in this case. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged material does not qualify as Confidential Information under the terms of this agreement. In any such proceeding, the Designating Party shall bear the burden of proof for demonstrating that the material is Confidential. Until the Court rules on the objection, the disputed material shall be treated as Confidential Information. Neither Party shall be obliged to challenge the propriety of a designation of material as Confidential Information, and the failure to do so shall not preclude a subsequent attack on the propriety of such designation, unless prejudice can be shown by the Designating Party to have resulted from the delay in challenging the designation,

11.     A Designating Party requesting that a record be filed under seal must file a noticed motion for an order sealing such specific records in compliance with Local Rule of Court 141(b).

12.     If a Party intends to file, quote, or otherwise reference in any manner Confidential information or material or reveal the contents of records designated as Confidential pursuant to this Order in connection with any discovery motion, the Party shall meet and confer with the designating Party prior to the informal discovery conference required by the Court before filing any discovery motion, and shall also bring all such materials to the informal discovery conference and be prepared to discuss them off the record with the Court and the designating Party, so that the Parties can reach agreement, and/or the Court provide direction on how and in what manner such Confidential information, material, or records will be presented in connection with any actual discovery motion filed to avoid reference in the public record to such Confidential information, material, or records and/or to provide the designating Party with an appropriate opportunity to move to seal such information, records, or material.

13.     Nothing in this Protective Order supplants, modifies or in any way violates the requirements and procedures for the sealing of records contained with Local Rule of Court 141.

14.     In the event that the Receiving Party is served with legal process, other than an order of a court or tribunal, seeking the production of Confidential Information obtained through discovery in this litigation and protected thereunder, the Receiving Party shall promptly notify the Designating Party whose Confidential Information is sought by service of the legal process and afford the Designating Party a reasonable opportunity to object to the production of the Confidential Information.  The Receiving Party shall not produce any Confidential Information in response to the legal process, except as ordered by a court or a tribunal, until the Designating Party has had an opportunity to object to such

process and either declined to object or has had an objection overruled and appeals therefrom exhausted. Designating party must lodge such objections with sufficient time to allow Receiving Party to comply with its legal duties to properly respond to such request.

15. By entering into this Stipulated Protective Order, neither Party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

16. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

17. The provisions of this Protective Order shall apply retroactively to all documents and information previously exchanged by either party to this action. To the extent not already designated as Confidential, the producing party can designate any and all documents produced and/or provided as Confidential or Confidential Health Information within thirty (30) days of the execution of this Stipulated Protective Order.

18. Within ninety (90) days following the termination of this action through settlement or adjudication, including all appeals, upon written request all Confidential Information designated as such by the Designating Party shall be returned to the Designating Party, or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Designating Party, shall be destroyed. Upon written request counsel of record for each Party shall attest to compliance with the terms of this Paragraph in an affidavit or declaration served on each other Party within the 90-day period. This Paragraph shall not preclude counsel from maintaining a file copy of any pleading or hearing transcript that contains or attaches Confidential Information.

19.     Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

20.     Nothing in this Stipulated Protective Order shall prevent a Party from independently obtaining publicly available information, including the final version of documents actually filed with any Federal, State, County or local legislature, regulatory authority, agency or court, nor shall this Stipulated Protective Order constitute a restriction on information independently obtained, even if a copy of a document independently obtained is otherwise provided in the Action and designated as Confidential Information.  Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

21.     If a Party, through inadvertence, produces any document or information that it believes is protected from discovery pursuant to the attorney-client privilege or work product doctrine, such production shall not be deemed a waiver of any privilege or protection, and the producing Party may give prompt written notice to the Receiving Party that the document or information produced is deemed privileged or protected and that return of the document or information is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the producing Party.

22.     This Stipulated Protective Order may be modified by written agreement of counsel for the Parties, provided that any such agreement be

memorialized in the form of a stipulation that shall be filed and approved by the Court.

23.     The Stipulated Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

24.     After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agrees to be bound by the terms set forth herein with regard to any Documents that have been produced before the Court enters the Protective Order.

25.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

26.     Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

27.     Nothing contained herein shall prevent a Party from (a) objecting to the production of Confidential Material based on the grounds that the information or documents are neither relevant nor reasonably calculated to lead to the discovery or admissible evidence, and/or (b) producing redacted copies of documents to prevent disclosure of irrelevant Confidential Material.

28.     The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.


IT IS SO STIPULATED.

- 11 -

Respectfully submitted,

Dated:

                              LAW OFFICES OF STEPHENSON,
                              ACQUISTO & COLMAN, INC.

                              _____
                              BARBARA V. LAM
                              Attorneys for Plaintiff
                              SAN JOAQUIN GENERAL HOSPITAL

Dated:

                              COLE PEDROZA LLP

                              _____
                              TAMMY C. WEAVER
                              Attorneys for Defendant
                              CIGNA HEALTHCARE OF
                              CALIFORNIA, INC. and CIGNA
                              HEALTH & LIFE INSURANCE
                              COMPANY

Filing Attestation:   I, Barbara V. Lam, hereby attest that I have received authorization for the electronic signature(s) indicated by a "conformed" signature (/s/) within this e-filed document.

**ORDER**

Pursuant to the stipulation of the parties and good cause having been shown, the Court hereby approves this Protective Order.

IT IS SO ORDERED.

Dated:  June 19, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____[POSITION AND EMPLOYER], am about to receive confidential information supplied in connection with the court action *SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California vs. CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for profit corporation; CIGNA HEALTH & LIFE INSURANCE COMPANY, a Connecticut for profit corporation; and DOES 1 - 25, INCLUSIVE*, United States District Court Case No. 2:16-cv-01921-MCE-EFB (the "Action"). I certify that I understand that this Confidential Information is provided to me subject to the terms and restrictions of the Protective Order field in this Action. I have been given a copy of the Protective Order; I have read it; and I agree to be bound by its terms. I understand that Confidential Information, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order.

DATED: _____          _____